### E. M. POSEY v. THE STATE.

No. 18300. Delivered May 13, 1936.

The opinion states the case.

*Denman & Fowler*, of Nacogdoches, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for practicing medicine without registration; punishment, a fine of $50.00 and one day in the county jail.

It was charged in the complaint and information that

appellant, in Nacogdoches County, engaged in the practice of medicine for pay, and treated and offered to treat certain diseases and disorders, and charge therefor, and treated and offered to treat a human being, to-wit: Murdock, for a sum of money, without having registered in the office of the district clerk of said county his certificate from the Board of Medical Examiners of the State of Texas showing his authority to so practice medicine.

The testimony shows that Mr. Murdock went to appellant and told him he was having boils on his neck and aches and pains in his body, and appellant told him he thought his, appellant's, medicine would do him good. Witness bought a quart of medicine tea, paying therefor $4.50. Witness went back later and got a second quart of said tea for which he paid one dollar. On another occasion witness had a carbuncle on his neck, and he went to appellant who told him he had some salve which might do it good. Witness bought a box of salve from appellant and paid him fifty cents for it. On another occasion witness told appellant he had some pains in his knees, and appellant told him he had some liniment which he thought would do him good, and sold him a bottle of liniment for thirty-five cents. In his cross-examination this witness testified that appellant made no physical examination of him; made no diagnosis of his case; did not write him any prescription; and merely told him he thought his medicine or tea would do him good. He paid appellant fifty cents for the salve, and appellant did not apply it or make any charge for any service he performed.

The State introduced the district clerk, who testified that appellant had not registered as a physician in his office. The State also introduced a Mr. Orton, who testified that he officed in the same building with appellant, and was present when Murdock came to appellant's office, and that he heard the conversation. He said he had never seen appellant apply medicine to any person, and had never seen him give anybody a dose of medicine, or charge anyone for anything, except the medicine which he manufactured and sold. He testified further that appellant did not sell his medicine in doses; that it was customary for people to come to the place and tell appellant how they felt, and he sold them medicine, and usually told them if it did not do them any good to come back and get their money.

Appellant testified in his own behalf that he manufactured Indian herb tea, salve and liniment, which he sold to any per-

son who wanted it; that he had applied for a trade mark; that when people came in and wanted to buy his medicine, he sold it to them; that he did sell Murdock some of his herb tea, a bottle of liniment and a box of salve; that he made no charge for any service in giving medicine or in applying it; that he made no diagnosis of anyone's case, or any physical examination of their person, and did not undertake to tell them what was the matter with them; that he was not a doctor, and did not purport to be one. Appellant introduced other witnesses who testified that they had gone to his place and bought medicine from him and carried it home and took it, and that appellant never gave any of them any medicine; never came to see them, and never wrote them any prescriptions, or made any examination of any of them. In his charge to the jury the trial judge told them, in so many words, that the mere sale of medicine or tea would not constitute a violation of the law. The State's Attorney with this court has filed a brief in which he expresses his belief that this conviction should not be upheld. We are inclined to agree with him.

Our statute defines practicing medicine as follows:

"Any person shall be regarded as practicing medicine within the meaning of this law:

"1. Who shall publicly profess to be a physician or surgeon and shall treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method. * * *

"2. Or who shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method, or to effect cures thereof and charge therefor directly or indirectly, money or other compensation."

It is claimed that appellant is not embraced by the first paragraph of this definition. He never publicly professed to be a physician or surgeon. If we understand the testimony in this case, it wholly fails to show that appellant charged, directly or indirectly, for any treatment of any disease, disorder, physical deformity or injury by any system or method. If it be a violation of the law for one to go to another and ask for his recommendation or opinion as to what medicine might be of benefit to him, if used, it is quite likely that the proprietors of practically every drug store in this State could be held to be practitioners of medicine because of their recommendation to people who come to them for medicine as to this, that or the other being good for supposed ailments claimed by the would-be purchaser.

Being of opinion that the testimony in this case fails to support the conviction, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*